AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means ☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of )<br>*(Briefly describe the property to be searched or identify the person by name and address)* )<br> )<br> )<br>Three digital devices seized on August 15, 2021 and )<br>currently in the custody of Homeland Security )<br>Investigations in El Segundo, California )<br> ) | Case No: 2:21-mj-04000 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 8/26/21, 3:10 pm    _____
                                           *Judge's signature*

City and state: Los Angeles, CA    Hon. Pedro V. Castillo, U.S. Magistrate Judge
                                    *Printed name and title*

AUSA: Jenna Williams x2690

Case 2:21-mj-04000-DUTY *SEALED* Document 3 Filed 10/01/21 Page 2 of 8 Page ID #:47
Case 2:21-mj-04000-DUTY *SEALED* Document 3 Filed 10/01/21 Page 2 of 8 Page ID #:24 of 11
Page ID #:47

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: 2:21-mj-04000 | Date and time warrant executed: 08/31/2021 | Copy of warrant and inventory left with: Subject Currently in Custody |
| Inventory made in the presence of : Kevin Horberger | | |
| Inventory of the property taken and name of any person(s) seized: Apple iPhone X Serial Number: C39X8AM6KPFV; Extracted data associated with messages, images, videos, geo-location, and other file types generated and/or stored on mobile devices. Apple iPad Serial Number: DLXQQ3YUGMLL; Extracted data associated with messages, images, videos, geo-location, and other file types generated and/or stored on media devices. Apple iPad Serial Number: DN6GJYHLDFJ3; Extracted data associated with messages, images, videos, geo-location, and other file types generated and/or stored on media devices. | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10/01/2021

ANDREW W COX
Digitally signed by ANDREW W COX
Date: 2021.10.01 11:24:28 -07'00'

*Executing officer's signature*

Andrew Cox / Special Agent

*Printed name and title*

Case 2:21-mj-04000-DUTY Document 3 Filed 10/01/21 Page 5 of 11 Page ID #:35
Case 2:21-mj-04000-DUTY *SEALED* Document 1 Filed 8/26/21 Page 30 of 51
Page ID #:48

**ATTACHMENT A**

<u>DEVICE TO BE SEARCHED</u>

The following digital devices (the "SUBJECT DEVICES") seized on August 15, 2021 and currently maintained in the custody of Homeland Security Investigations in El Segundo, California:

    a.   An Apple iPhone, white in color ("SUBJECT DEVICE 1"); and

    b.   An Apple iPad, bearing the serial number DLXQQ3YUGMLL ("SUBJECT DEVICE 2"); and

    c.   An Apple iPad, bearing the serial number DN6GJYHLDFJ3 ("SUBJECT DEVICE 3").

27

**ATTACHMENT B**

**I.  ITEMS TO BE SEIZED**

1.  The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute and distribution of controlled substances); 21 U.S.C. § 846 (Conspiracy); and 21 U.S.C. § 843(b) (Use of a Communications Facility to Facilitate a Drug Trafficking Offense) (the "SUBJECT OFFENSES"), namely:

    a.  Records, documents, programs, applications and materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from any of the digital devices and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

    b.  Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show SMS text, email communications or other text or written communications sent to or received from any of the digital devices and which relate to the SUBJECT OFFENSES;

    c.  Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications, or other text or written communications sent to or received from any digital device and which relate to the SUBJECT OFFENSES;

28

Case 2:21-mj-04000-DUTY Document 3 Filed 10/04/21 Page 5 of 8 Page ID #:97
Case 2:21-cr-00570-DSF Document 1 Amended Filed 10/04/21 Page 5 of 26 Page ID #:50
Page ID #:50

   d. Records, documents, programs, applications, materials, or conversations relating to the trafficking of humans, including ledgers, pay/owe records, customer lists, correspondence, receipts, records, and documents noting price, availability, and/or times when workers were bought, sold, or otherwise transported;

   e. Audio recordings, pictures, video recordings, or still captured images related to the purchase, sale, transportation, or distribution of drugs;

   f. Contents of any calendar or date book;

   g. Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations; and

   h. Any SUBJECT DEVICE which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offenses, and forensic copies thereof.

   i. With respect to any SUBJECT DEVICE containing evidence falling within the scope of the foregoing categories of items to be seized:

    i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

    ii. evidence of the presence or absence of software that would allow others to control the device, such as

29

viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

        iii. evidence of the attachment of other devices;

        iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

        v. evidence of the times the device was used;

        vi. passwords, encryption keys, and other access devices that may be necessary to access the device;

        vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

        viii. records of or information about Internet Protocol addresses used by the device;

        ix. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

30

II. **SEARCH PROCEDURE FOR DIGITAL DEVICES**

3.   In searching the SUBJECT DEVICE(S) (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

a.   Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") may search any SUBJECT DEVICE capable of being used to facilitate the above-listed violations or containing data falling within the scope of the items to be seized.

b.   The search team will, in its discretion, either search each SUBJECT DEVICE where it is currently located or transport it to an appropriate law enforcement laboratory or similar facility to be searched at that location.

c.   The search team shall complete the search of the SUBJECT DEVICE(S) as soon as is practicable but not to exceed 120 days from the date of issuance of the warrant. The government will not search the digital device(s) beyond this 120-day period without obtaining an extension of time order from the Court.

d.   The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

i.   The search team may subject all of the data contained in each SUBJECT DEVICE capable of containing any of the items to be seized to the search protocols to determine whether the SUBJECT DEVICE and any data thereon falls within the scope of the items to be seized. The search team may also

31

search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the scope of the items to be seized.

    ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

  e. The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

  f. If the search determines that a SUBJECT DEVICE does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the SUBJECT DEVICE and delete or destroy all forensic copies thereof.

  g. If the search determines that a SUBJECT DEVICE does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

  h. If the search determines that the SUBJECT DEVICE is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the

32

government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

        i.    The government may also retain a SUBJECT DEVICE if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

        j.    After the completion of the search of the SUBJECT DEVICE(S), the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

    4.    The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

    5.    During the execution of this search warrant, law enforcement is permitted to (1) depress Artur BEDNARZ's thumb- and/or fingers onto the fingerprint sensor of the SUBJECT

DEVICES (only if the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of Artur BEDNARZ's face with his or her eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in Graham v. Connor, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

6. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

CM/ECF - California Central District   Page 1 of 1

Case 2:21-mj-04000-DUTY-AD Document 3 Filed 10/14/21 Page 11 of 11 Page ID #:103
Case 2:21-mj-04000-DUTY Document 3-1 Filed 10/14/21 Page 11 of 11 Page ID #:56

# Magistrate Judge Case Initiating Documents

2:21-mj-04000 USA v. Warrant

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Williams, Jenna on 8/26/2021 at 2:00 PM PDT and filed on 8/26/2021

**Case Name:** USA v. Warrant
**Case Number:** 2:21-mj-04000
**Filer:** USA
**Document Number:** 1

**Docket Text:**
**APPLICATION for Search Warrant filed by Plaintiff USA. (Not for Public View pursuant to the E-Government Act of 2002) (Attachments: # (1) Proposed Warrant) (Attorney Jenna G. Williams added to party USA(pty:pla)) (Williams, Jenna)**

**2:21-mj-04000-1 Notice has been electronically mailed to:**

**2:21-mj-04000-1 Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** \\usa.doj.gov\District\CAC\LA-Courthouse\Users\gflores\ECF\Jenna\SWs\la21mj4000- Application for a SW.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/26/2021] [FileNumber=32519133-0
] [5efd0bd57add41ea4eccfcdd017eee17b01f654b2ed72ca5d29825fa7c768d69e2c
460ddc2eb42e2d564549c9dfbb1f3aae44642f6ae9ac96fb835b01c3b2fee]]
**Document description:** Proposed Warrant
**Original filename:** \\usa.doj.gov\District\CAC\LA-Courthouse\Users\gflores\ECF\Jenna\SWs\la21mj4000- Search and Seizure Warrant.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/26/2021] [FileNumber=32519133-1
] [531f596505e525a8ec5246c6133ac259abffb425753383bd8ec4a678542254511e1
ad2296715814d07d4bad58ce3fc31251a5e1b851c62931bc6ad8415626464]]